## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| N.S., *individually and on behalf of all others similarly situated,* ) ) ) | |
| *Plaintiffs,* ) ) | |
| v. ) ) | Case No. 1:20-cv-101-RCL |
| ROBERT A. DIXON, *in his official capacity as U.S. Marshal for the District of Columbia Superior Court,* ) ) ) ) ) | |
| *Defendant.*[1] ) ) ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff N.S. moves on behalf of the certified class (ECF No. 57) to clarify the Court's May 7, 2020 Order (ECF No. 40) preliminarily enjoining the United States Marshals Service ("USMS") from "seizing individuals for suspected civil immigration violations." ECF No. 40. Specifically, plaintiffs ask the Court to clarify that the Order "enjoins USMS from prolonging a criminal defendant's detention past the point at which they would be released." ECF No. 57 at 5. Plaintiffs also ask the Court to order USMS to cease and desist from implementing its new procedures for transferring individuals into the custody of U.S. Immigrations and Customs Enforcement ("ICE"). *Id.*

Upon consideration of plaintiffs' motion (ECF No. 57), defendant's opposition (ECF No. 66), and plaintiffs' reply (ECF No. 70), as well as the applicable legal standards, the Court will **GRANT IN PART** and **DENY IN PART** plaintiffs' motion to clarify. Though the Court will

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Robert A. Dixon is automatically substituted for Michael A. Hughes, as Mr. Dixon is the current U.S. Marshal for the Superior Court of the District of Columbia. *See* Fed. R. Civ. P. 25(d); U.S. Marshals Service, *District of Columbia, Superior Court, United States Marshal – Robert Anthony Dixon*, https://www.usmarshals.gov/district/dc-sc/general/marshal.htm.

clarify the scope of its Preliminary Injunction Order (ECF No. 40), it will not accept plaintiffs' proposed "clarification." Instead, the Court will replace the word "seizing" in its Preliminary Injunction Order (ECF No. 40) with the phrase "arresting and detaining" to avoid the ambiguity created by the different meanings of "seizure."

## I. BACKGROUND

The Court assumes familiarity with its Memorandum Opinion granting plaintiffs' preliminary injunction motion, *see N.S. v. Hughes* ("*N.S. I*"), 335 F.R.D. 337 (D.D.C. 2020), and will provide only the background information necessary to resolve the present motion.

### A. Preliminary Injunction Order

Plaintiff N.S. was arrested in early 2020. ECF No. 4 at 2. When he appeared before a magistrate judge in the Superior Court of the District of Columbia ("D.C. Superior Court"), the judge ordered him released on his own recognizance. *Id.* Instead of allowing N.S. to leave, USMS officers continued to detain him in their custody at the courthouse pursuant to an ICE detainer. *Id.*

Plaintiff subsequently initiated this suit on his own behalf and on behalf of a proposed class of those similarly situated. *See* ECF No. 3. In his complaint, he alleges that by detaining individuals suspected of civil immigration violations, USMS officers act without statutory authorization in violation of the Administrative Procedure Act ("APA"). *Id.* On the same day he filed his complaint, plaintiff also sought a preliminary injunction. *See* ECF No. 4. Upon information and belief, he alleged, "USMS officers routinely detain individuals after a judge of the [D.C. Superior Court] releases them on bail, or after prosecutors decline to bring criminal charges." *Id.* at 4. Accordingly, plaintiff sought to preliminarily enjoin the USMS "from exceeding [its] statutory authority by detaining individuals in Superior Court for suspected civil immigration violations." *Id.* Defendant opposed the motion, arguing in part that the USMS could lawfully arrest and detain an individual

2

suspected of civil immigration violations when ICE placed a detainer on that person. ECF No. 16 at 12–16.

The Court granted plaintiffs' motion and preliminarily enjoined defendant and his subordinates, agents, and employees "from seizing individuals for suspected civil immigration violations." *N.S. I*, 335 F.R.D. at 342. Defendant moved for reconsideration, ECF No. 41, and the Court denied his motion. *N.S. v. Hughes* ("*N.S. II*"), 20-cv-101, 2020 WL 4260739, at *1 (D.D.C. July 24, 2020).

### B. The USMS Revised Policy & Plaintiffs' Motion to Clarify

After the Court granted plaintiffs' preliminary injunction motion, the USMS "adjusted its cellblock procedures to comply with the [Court's Order]." ECF No. 66-1 ("Brandt Decl.") ¶ 5. Under the old policy, if a defendant released on his own recognizance or cleared of criminal charges was suspected by ICE of having committed a civil immigration violation, the USMS would detain him in a courthouse cellblock until an ICE agent could come arrest him. *See N.S. I*, 335 F.R.D. at 342. These detentions lasted roughly two to three hours. *See id.* at 351–52. Now, pursuant to its new policy, the USMS releases these defendants "directly from the courtroom, unless an ICE agent is physically present at the courthouse at the time of the hearing to take the defendant into custody." Brandt Decl. ¶ 6. If an ICE agent is present at the time of the hearing, a USMS officer "walks the defendant to a cellblock immediately adjacent to the courtroom to facilitate a safe, secure, and immediate transfer of custody to ICE." *Id.*

When they learned of this new practice, plaintiffs moved to clarify the Court's Preliminary Injunction Order. ECF No. 57. They ask the Court to clarify that its Order "enjoins USMS from prolonging a criminal defendant's detention past the point at which they would be released." *Id.* at 5. Defendant opposed plaintiffs' motion, arguing that the USMS acts "within the heart of its

statutory authority when it acts to ensure the safety and security of courthouses." ECF No. 66 at 2. Plaintiff timely replied. ECF No. 70. The motion is now ripe for consideration.

## II. LEGAL STANDARD

"It is undoubtedly proper for a district court to issue an order clarifying the scope of an injunction [to] facilitate compliance with the order and to prevent 'unwitting contempt.'" *Paramount Pictures Corp. v. Carol Publ'g Grp.*, 25 F. Supp. 2d 372, 374 (S.D.N.Y. 1998) (citing *Regal Knitwear Co. v. Nat'l Labor Relations Bd.*, 324 U.S. 9, 15 (1945)). By clarifying a previously issued order, courts "add certainty to an implicated party's efforts to comply with the order and provide fair warning as to what future conduct may be found contemptuous." *N.A. Sales Co. v. Chapman Indus. Corp.*, 736 F.2d 854, 858 (2d Cir. 1984). Furthermore, clarifying the scope of a preliminary injunction comports with the directive in Federal Rule of Civil Procedure 65 that "[e]very order granting an injunction" must "state its terms specifically." Fed. R. Civ. P. 65(d)(1)(B).

## III. DISCUSSION

In its Memorandum Opinion granting plaintiffs' preliminary injunction motion, the Court found that plaintiffs are likely to succeed on the merits of their challenge to the USMS practice of arresting and detaining individuals suspected of civil immigration violations. *N.S. I*, 335 F.R.D. at 345–351. The Court then fashioned the preliminary injunction as follows: "Defendant and defendant's agents, subordinates, and employees are hereby preliminarily **ENJOINED** from *seizing* individuals for suspected civil immigration violations." ECF No. 40 (emphasis added).

The Court acknowledges the potential for confusion caused by its use of the word "seizing." As used in ordinary language, a "seizure" is "the action of *capturing* someone or something using force." *Seizure*, New Oxford American Dictionary (3d ed. 2010) (emphasis

4

added). This includes the act of arresting and detaining plaintiffs in a courthouse cellblock. By contrast, "seizure" also has a technical meaning when used as a term of art in the Fourth Amendment context. In that context, a "seizure" occurs either when an officer restrains a person's freedom of movement with physical force such that a reasonable person would not feel free to leave or when an officer makes a show of authority to which the subject yields. *United States v. Mendenhall*, 446 U.S. 544, 553 (1980); *California v. Hodari D.*, 499 U.S. 621, 625–26 (1991). For example, a "seizure" in this technical sense can occur when two officers momentarily corner a subject in a crowded hallway. *Cf. Mendenhall*, 446 U.S. at 554. A "seizure" in this sense could also occur if one of the officers grabbed the subject by his arm to prevent him from running away. *Id.* Notably, this technical Fourth Amendment definition of "seizure" includes conduct less severe than locking someone in a holding cell.

The Court's Preliminary Injunction Order, ECF No. 40, should not be read to enjoin all such technical Fourth Amendment seizures. The Court enjoined only the conduct that plaintiffs challenged in their complaint and preliminary injunction motion: the USMS practice of arresting and detaining individuals suspected of civil immigration violations.[2] Accordingly, to avoid the ambiguity created by the Court's use of the word "seizing" in its Preliminary Injunction Order, ECF No. 40, the Court will replace the word "seizing" with the phrase "arresting and detaining." All other terms of the Preliminary Injunction Order shall remain the same.

---

[2] In the Court's Memorandum Opinion granting plaintiffs' preliminary injunction motion, its findings were limited to the legal authority of the USMS to *arrest and detain* individuals suspected of civil immigration violations. *See N.S. I*, 335 F.R.D. at 345–51. It did not make any findings as to whether the USMS has the legal authority to "seize" these individuals, as that term of art is used in the Fourth Amendment context. Indeed, this wholly separate question was not briefed when the parties litigated plaintiffs' preliminary injunction motion. *See generally* ECF Nos. 4 & 16; *see also N.S. II*, 2020 WL 4260739, at *7 (noting that "plaintiffs have not raised a Fourth Amendment challenge in this case").

In clarifying the scope of the preliminary injunction as such, the Court rejects plaintiffs' proposed "clarification." Plaintiffs ask the Court to enjoin the USMS "from prolonging a criminal defendant's detention past the point at which they would be released." ECF No. 57 at 5. In other words, plaintiffs ask the Court to enjoin the USMS not only from arresting and detaining individuals for suspected civil immigration violations but also from merely walking these individuals from the courtroom to an adjacent cellblock to transfer custody to ICE. *See id.* at 3–4.

The problem with this request is that plaintiffs' complaint does not challenge the USMS revised practice of walking persons suspected of civil immigration violations from the courtroom to an adjacent cellblock. Instead, the complaint alleges only that the USMS lacks the statutory authority to *arrest and detain* these individuals. *See* ECF No. 3 ¶ 1 ("This case seeks to remedy and prevent the routine and unlawful *detention* of people in the [D.C. Superior Court].") (emphasis added); *id.* at ¶ 3 ("[T]he statutory authority of the Marshals Service does not include . . . *the vast power to make warrantless arrests* of suspected civil immigration violations.") (emphasis added); *id.* at ¶ 5 ("The proposed class of plaintiffs seeks a preliminary and permanent order enjoining the Marshals Service from *detaining and arresting* individuals in Superior Court for suspected civil immigration violations and directing their immediate release.") (emphasis added). Now, in their motion to clarify, plaintiffs argue for the first time that the USMS lacks the statutory authority to walk individuals suspected of civil immigration violations from the courtroom to an adjacent cellblock to transfer custody to ICE. [3] *See* ECF No. 57. Should plaintiffs wish to seek an injunction preventing the USMS from carrying out this revised practice, plaintiffs first must amend their

---

[3] Though plaintiffs refer to a "seizure" in their complaint, they do so in the context of alleging that "[d]efendant has seized and continues to seize Plaintiff *with arrest and detention* that is not authorized by any valid legal authority." ECF No. 3 ¶ 41 (emphasis added). "Seiz[ing]" an individual "with arrest and detention," *id.*, necessarily involves detention. It does not involve the practice that plaintiffs now complain of in their motion to clarify: walking individuals suspected of civil immigration violations from a courtroom to an adjacent cellblock. *See* ECF No. 57.

6

complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."); *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (noting that a preliminary injunction grants "immediate relief *of the same character as that which may be granted finally*") (emphasis added).

## IV. CONCLUSION

For the reasons explained above, the Court will **GRANT IN PART** and **DENY IN PART** plaintiffs' motion to clarify (ECF No. 57). The Court will **CLARIFY** its Preliminary Injunction Order (ECF No. 40) entered on May 7, 2020 by replacing the word "seizing" with the phrase "arresting and detaining." The preliminary injunction now reads as follows:

> Defendant and defendant's agents, subordinates, and employees are hereby preliminarily **ENJOINED** from arresting and detaining individuals for suspected civil immigration violations. It is **ORDERED** that this preliminary injunction shall take effect immediately and shall remain in effect pending final resolution of this matter.

An accompanying Order shall follow.

Date: November _13_, 2020

Hon. Royce C. Lamberth
United States District Judge

7