UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| N.S., individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT A. DIXON, U.S. Marshal for the District of Columbia Superior Court,<br><br>    Defendant. | Civil Action No. 20-0101 (RCL) |

## **OPPOSITION TO PLAINTIFFS' MOTION FOR A SCHEDULING ORDER**

  Defendant Robert A. Dixon, in his official capacity as the U.S. Marshal for the District of Columbia Superior Court, respectfully submits this opposition to Plaintiff's motion for a scheduling order on remand (ECF No. 107, "Pl. Mot.").

  As of the filing of this opposition, the D.C. Circuit has yet to issue its mandate to this Court. Accordingly, it is plainly premature to set any deadlines in this case on remand. In lieu of setting a concrete schedule, the government proposes that the Court order the parties to file a joint status report within seven days of the mandate being docketed with this Court setting forth their proposals for future proceedings in this matter. This will allow the parties to promptly inform the Court of their proposed next steps while respecting the jurisdictional handoff from the Court of Appeals, which has yet to occur.

  As to the substance of Plaintiff's proposal, Defendant disagrees with Plaintiff's insistence that proceedings on remand proceed on an expedited basis (e.g., affording the government only one week to respond to Plaintiff's remedial motion that Plaintiff's counsel has now had weeks to craft since the appellate panel's decision). There is no emergency here. The individual plaintiff,

N.S., has made no showing that he is likely to be re-arrested for immigration violations by the Marshals Service at D.C. Superior Court in the near term. Moreover, the D.C. Circuit's opinion necessarily forecloses a new class injunctive remedy. This is because the D.C. Circuit ruled that the claims in this action fall within the ambit of the provisions of 8 U.S.C. § 1252(f)(1). *N.S. v. Dixon*, 141 F.4th 279, 290 (D.C. Cir. 2025) ("Notwithstanding the court's conclusion . . . that the Marshals were not lawfully able to execute a civil immigration arrest for want of the requisite training, the district court was barred by § 1252(f)(1) from entering a class-wide injunction preventing such arrests and detention.").

Additionally, the government may seek to decertify the class in this case because 8 U.S.C. § 1252(e)(1)(B) precludes this matter from proceeding as a class action given the Circuit's ruling that it falls within the ambit of 8 U.S.C. § 1252(f)(1). That is, because 8 U.S.C. § 1252(f)(1) authorizes the Court to review N.S.'s individual claim in this case, 8 U.S.C. § 1252(e)(1)(B) prohibits the Court from maintaining this case as a class action. *See* 8 U.S.C. § 1252(e)(1)(B) ("Without regard to the nature of the action or claim and without regard to the identity of the party or parties bringing the action, no court may . . . certify a class under Rule 23 of the Federal Rules of Civil Procedure in any action for which judicial review is authorized under a subsequent paragraph of this subsection.").

Lastly, while the Circuit left open the possibility of declaratory relief, even were that relief appropriate (which it is not as the government will demonstrate in future briefing), that relief by its nature can only be retrospective when injunctive relief is off the table. That is, while N.S. can pursue a declaration that his prior arrest was unlawful, N.S. cannot obtain prospective relief that prohibits the Marshals Service from making civil immigration arrests—that, after all,

is an injunctive remedy. N.S. has made no showing that the Court's consideration of any retrospective declaration must proceed with alacrity.

The parties should have the opportunity to brief these and other issues on an appropriate timeline, not an exigent one when no emergency exists. Accordingly, the Court should deny Plaintiff's motion and, instead, order the parties to submit a joint status report within seven days of the mandate being docketed with this Court.

Dated: September 12, 2025                    Respectfully submitted,

                                             JEANINE FERRIS PIRRO
                                             United States Attorney


                                             By:      */s/ Brian P. Hudak*
                                                   BRIAN P. HUDAK, D.C. Bar #90034769
                                                   Chief, Civil Division
                                                   601 D Street, NW
                                                   Washington, DC 20530
                                                   (202) 252-2549

                                             *Attorneys for the United States of America*