## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| N.S., *individually and on behalf of all others similarly situated*,<br><br>       *Plaintiff*,<br><br>       v.<br><br>ROBERT A. DIXON, *in his official capacity as U.S. Marshal for the District of Columbia Superior Court*,<br><br>       *Defendant*. | Case No. 1:20-cv-101-RCL |

## PLAINTIFFS' MOTION FOR ALTERNATIVE REMEDIES ON REMAND

The parties are back before this Court nearly four years after it permanently enjoined the United States Marshals Service (USMS) from arresting and detaining criminal defendants in the District of Columbia Superior Court for suspected civil immigration violations. ECF No. 99. The government appealed, and the D.C. Circuit issued a decision on June 27, 2025 that affirmed the merits of this Court's decision but vacated the injunction and remanded the case for this Court to enter an alternative remedy in light of its holding. *See N.S. v. Dixon*, 141 F.4th 279, 287 (D.C. Cir. 2025).

On remand, Plaintiffs highlight three key elements of the D.C. Circuit's decision: First the D.C. Circuit affirmed the merits of this Court's 2021 ruling that U.S. Marshals lack the authority to make civil immigration arrests because they have not completed training required for immigration officers under the implementing regulations of the Immigration Nationality Act.[1] *See*

---

[1] The D.C. Circuit upheld this Court's conclusion that a detainer is a request, and not a warrant for arrest. *See N.S.*, 141 F.4th at 282.

*N.S.*, 141 F.4th at 287. Second, the D.C. Circuit rejected the government's arguments that no such training was required for USMS, and at no point did the government represent that the U.S. Marshals have undergone the necessary training. *Id.* Third, the D.C. Circuit held that an order issued on January 22, 2025 by the Acting Secretary of Homeland Security authorizing U.S. Marshals to perform the functions of an immigration officer "rests upon the proper legal authority." *Id.* at 286 n.4. But because the Court held that the 2025 delegation did not "relieve the Marshals of the pre-existing training requirement," *id.* at 286, it did not address whether the 2025 delegation was invalid for another reason: that the Department of Homeland Security had not properly amended 8 C.F.R. § 287.5(e)(3), a regulation that lists the types of immigration officers authorized to make civil immigration arrests and says "only" those officers may make such arrests—a list which notably excludes the USMS. *Id.*

## ARGUMENT

### I.    This Court should enter a declaratory judgment that U.S. Marshals cannot detain or arrest individuals for suspected civil immigration violations.

The first appropriate remedy on remand is a declaratory judgment that the U.S. Marshals do not have the authority to detain or arrest individuals for suspected immigration violations. Such relief is consistent with both the D.C. Circuit's holding and this Court's broad discretionary powers under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). As the Supreme Court has recognized, "[s]ince its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Appellate courts thus review the granting or withholding of declaratory relief for abuse of discretion because "facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within [the district court's] grasp." *Id.* at 289. Declaratory judgment can serve as an

alternative remedy in cases where injunctive relief is not available. *See Steffel v. Thompson*, 415 U.S. 452, 480 (1974) ("[T]he legislative history of the Declaratory Judgment Act and the Court's opinion in this case both recognize that the declaratory judgment procedure is an alternative to pursuit of the arguably illegal activity.") (Rehnquist, J., concurring).

The D.C. Circuit's analysis of the remedy that this Court originally ordered in 2021 turned on its reading of *Garland v. Aleman Gonzalez*, 596 U.S. 543 (2022) and 8 U.S.C. § 1252(f)(1), a provision of the Immigration and Nationality Act (INA) that limits judicial review of removal orders, and which the government argued for the first time on appeal bars class-wide injunctive relief. A year after this Court entered a permanent injunction, the Supreme Court decided *Garland*, interpreting 8 U.S.C. § 1252(f)(1) to "prohibit[] lower courts from entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out" specific provisions of the INA, including immigration inspection, apprehension, examination, exclusion, and removal. 596 U.S. at 550; s*ee* 8 U.S.C. §§ 1221-1232. The D.C. Circuit held that an injunction restraining U.S. Marshals from arresting or detaining a criminal defendant pursuant to an ICE detainer or an I-200 form "clearly affects provisions to which § 1252(f)(1) applies." *N.S.*, 141 F.4th at 289.

Because injunctive relief is no longer available to Plaintiffs, the D.C. Circuit specifically remanded to this Court "to reconsider the appropriate remedy." *Id.* at 290. One of those remedies is declaratory relief, which the D.C. Circuit has previously concluded § 1252(f)(1) does *not* bar— a proposition the *N.S.* panel also noted, "Marshal Dixon does not contest." *Id.* at 290 n.7 (citing *Make the Rd. New York v. Wolf*, 962 F.3d 612, 635 (D.C. Cir. 2020)). Nor could he. Nowhere in the plain text of the statute or in its statutory subtitle limiting "injunctive relief" appears any reference to declaratory judgment. *See Alli v. Decker*, 650 F.3d 1007, 1013 (3d Cir. 2011)

(analyzing statutory context of § 1252(f) and noting that a "closely adjacent provision . . . precludes courts from entering 'declaratory, injunctive, or other equitable relief,'" which provides "compelling evidence that Congress knew how to preclude declaratory relief, but chose not to in § 1252(f)(1)"). And critically, the Supreme Court "has specifically held that Section 1252(f) does not bar declaratory relief." *Make the Road New York*, 962 F.3d at 635 (citing *Nielsen v. Preap*, 586 U.S. 392, 402 (2019)). Accordingly, under these precedents and the Declaratory Judgment Act, this Court has both jurisdiction and substantial discretion to fashion a remedy that declares the rights of noncitizens who are released by the D.C. Superior Court to be free from unlawful detention and arrest by U.S. Marshals.

## II.    This Court should grant class-wide habeas relief.

In addition to entering a declaratory judgment, this Court should grant habeas relief to members of the class who are unlawfully detained. The Court certified the following class in this case: All indigent criminal defendants in the Superior Court for the District of Columbia: (1) who were, are, or will be detained by officers of the United States Marshals Service for suspected civil immigration violations, and (2) as to whom Immigration and Customs Enforcement has not effectuated a warrant of removal/deportation (a form I-205) and/or has not obtained an order of deportation or removal. *See* ECF No. 40. As a preliminary matter, just as § 1252(f)(1) does not bar a declaratory judgment, it "also does not bar the habeas class action." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("Section 1252(f)(1) . . . lacks a clear statement repealing the court's habeas jurisdiction.").

Many courts have held that a writ of habeas corpus may be granted on a class-wide basis. Some courts have relied explicitly on Federal Rule of Civil Procedure 23 governing class actions. *See e.g.*, *Mead v. Parker*, 464 F.2d 1108, 1113 (9th Cir. 1972) (whether to "treat [a habeas] action

as a class action . . . is a question for the court to decide in a proceeding under Rule 23"); *Williams v. Richardson*, 481 F.2d 358, 361 (8th Cir. 1973); *Fernandez-Roque v. Smith*, 91 F.R.D. 117, 122 & n.3 (N.D. Ga. 1981). Other courts have found Rule 23 "technically inapplicable" to habeas corpus but have endorsed the application of "an analogous procedure." *Napier v. Gertrude*, 542 F.2d 825, 828 n.2 (10th Cir. 1976); *see also Bijeol v. Benson*, 513 F.2d 965, 968 (7th Cir. 1975); *United States ex rel. Sero v. Preiser*, 506 F.2d 1115, 1125 (2d Cir. 1974), *cert. denied*, 421 U.S. 921 (1975) (referencing the "power of the judiciary, under the All Writs Act, 28 U.S.C. § 1651, to fashion for habeas actions" procedures analogous to existing rules).

The D.C. Circuit has recognized that "courts have in fact developed . . . equivalents" to "class actions in habeas," *LoBue v. Christopher*, 82 F.3d 1081, 1085 (D.C. Cir. 1996), although it has never foreclosed the use of Rule 23 itself. In any event, in practice, the "circumstances . . . relevant to class certification in a habeas proceeding" ultimately "overlap with the criteria for class certification under Rule 23." *Streicher v. Prescott*, 103 F.R.D. 559, 561 (D.D.C. 1984). Of course, this Court has already certified the class, and it may thus grant class-wide habeas relief pursuant to either Rule 23 or the All Writs Act.

Such relief is particularly appropriate here because class members "suffer the same injury in the form of unauthorized restraints on physical liberty." ECF No. 39, at 26. And where Plaintiffs challenge "the fact or duration of . . . physical confinement," seeking release from confinement goes to the very "heart of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973). Defendant, for its part, has never disputed that its ICE hold practice constitutes custody that an individual may be released from. In sum, because Plaintiffs challenge their unlawful confinement, and because the class has already been certified, this Court can and should grant habeas relief as to class members who are detained by the U.S. Marshals only on the basis of a suspected civil

immigration violation without a warrant or order of deportation/removal.[2]

## CONCLUSION

For the reasons explained above, Plaintiffs respectfully request that this Court issue a declaratory judgment and habeas relief.


Respectfully submitted,

/s/ Megan Yan
Megan Yan, D.C. Bar No. 1735334
Zoé Friedland, D.D.C. Bar No. D00516
Nabanita Pal, D.C. Bar No. 90036390
Public Defender Service for the
District of Columbia
633 3rd Street N.W.
Washington D.C. 20001
(202) 824-2201
myan@pdsdc.org
zfriedland@pdsdc.org
npal@pdsdc.org

*Counsel for Plaintiffs*

---

[2] Petitioners' success on their *ultra vires* claims, *see* ECF No. 100, at 8 (rejecting each of four sources of supposed authority), provides additional support for class-wide habeas relief. *See Peak v. Calhoun*, 69 F.2d 989, 991 (D.C. Cir. 1934) (affirming release from *ultra vires* incarceration).